IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

BRETT IMMEL

No. 16 CR 776

Honorable Sharon Johnson Coleman

## DEFENDANT'S MOTION *IN LIMINE* TO
## PRECLUDE EVIDENCE OF POST-PETITION INTERESTS

Defendant Brett Immel is charged with "knowingly and fraudulently conceal[ing] property *belonging to the estate* of Immel from a trustee . . . ." (Indictment, ¶ 5 (emphasis added).) The United States Bankruptcy Code defines "estate" as "all legal or equitable interests of the debtor in property *as of commencement of the case."* 11 U.S.C. § 541(a)(1)(emphasis added). Specifically excluded from the "estate" are "earnings from services performed by an individual debtor *after the commencement of the case*." 11 U.S.C. § 541(a)(6)(emphasis added). Put simply, "the estate includes only the debtor's property interests *as of the petition date*. Post-petition earnings are *never* property of the estate in Chapter 7 cases." *In re: Moseman*, 436 B.R. 398 (E.D. Tex. 2010) (citing 11 U.S.C. § 541(a)(1) (emphasis added). In the words of the Supreme Court:

> Crucially, . . . a Chapter 7 estate does not include the wages a debtor earns or the assets he acquires after the bankruptcy filing. § 541(a)(1). Thus, while a Chapter 7 debtor must forfeit virtually all his prepetition property, he is able to make a "fresh start" by shielding from creditors his postpetition earnings and acquisitions.

*Harris v. Viegelahn*, 135 S. Ct. 1829, 1835 (2015).

On August 14, 2019, the government provided defendant's counsel with several draft summary charts, which it plans to introduce through the case agent and which are based on voluminous bank records that are also listed on the government's exhibit list. These summary

charts make plain that the government intends to offer evidence of Mr. Immel's *post-petition* deposits as evidence that he concealed income belonging to the estate. However, by definition, income earned by Mr. Immel after he filed his petition on October 2, 2009 was not part of the estate and, hence, cannot bear on the question of whether Mr. Immel concealed property belonging to the estate from the trustee.[1]

As the Court suggested during today's pretrial conference, there are several categories of the government's exhibits that are impacted by this objection. In addition to the proposed summary charts, copies of which are attached, the government apparently plans to offer bank records from various accounts reflecting post-petition deposits and withdrawals, which, again, by definition were excluded from the estate. (*E.g.,* GX 205-207 (Bank Atlantic monthly account statements dated 11/30/09 through 1/31/10); GX 215-218 (Chase monthly account records dated 10/26/09 through 1/27/10); GX 226-229, 231 (Chase monthly account records dated 10/30/09 through May 2010).

Similarly, the government intends to offer evidence of Mr. Immel's post-petition *spending*. Of course, as the Supreme Court held in the above-quoted passage, items acquired by post-petition income are no more part of the estate than post-petition income. Thus, evidence that Mr. Immel stayed at a casino hotel (while on business) after his bankruptcy filing (GX 600-610), bought a crib in January 2010 (GX 801), bought clothes (GX 802-804, 806-808, 811), bought a TV five days before Christmas (GX 805), bought a rug and some household goods in January 2010 (GX 809-810), and so forth, is entirely irrelevant to the question of whether he concealed property of the estate as of the commencement of the estate.

---

[1] The defendant has repeatedly argued that the government is conflating deposits with income and cannot prove that any particular deposit was income to Mr. Immel. The defendant reserves all objections as to this issue, but for purposes of the present motion the distinction is immaterial, as post-petition deposits are not part of the estate, regardless of whether or not they are income.

The filing of a bankruptcy petition did not deprive defendant of his right to make purchases to feed, clothe, and house himself and his family. It is stunning that the federal government would offer, *in a criminal case,* evidence that the defendant bought pajamas on December 13, 2009 as evidence that he concealed property of the estate at the time he filed his petition on October 2, 2009. (GX 803.) In addition to being irrelevant, such evidence should be excluded under Fed. R. Evid. 403, since the selective introduction of receipts from casinos, appliance stores, baby stores, and various name brand retailers invites prejudicial value judgments about how and where the defendant and his wife spent their limited funds.

For the foregoing reasons, evidence of post-petition deposits and expenditures should be excluded pursuant to Fed. R. Evid. 401, 402, and 403. The government has ample evidence to demonstrate the property that belonged to the bankruptcy estate upon the filing of Mr. Immel's petition. The government should be limited to that evidence, and directed to revise its summary charts and any yet-to-be-produced demonstratives to include data only through October 2, 2009.

Dated: August 15, 2019

Respectfully submitted,

BRETT IMMEL

By: /s/ William P. Ziegelmueller
        One of His Attorneys

William P. Ziegelmueller
Meredith R.W. DeCarlo
SCHIFF HARDIN, LLP
233 S. Wacker Drive
Suite 7100
Chicago, Illinois 60606
(312) 258-5500
bziegel@schiffhardin.com
mdecarlo@schiffhardin.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused a copy of the foregoing Defendant's Motion *in Limine* to Exclude Evidence of Post-Petition Interests to be served on all counsel of record, via the Court's CM/ECF system, on August 15, 2019.

/s/ William P. Ziegelmueller



Debits/Purchases from Fourteen Consulting Account (3340) 2009-2010

| | Jun, 2009 | Jul, 2009 | Aug, 2009 | Sep, 2009 | Oct, 2009 | Nov, 2009 | Dec, 2009 | Jan, 2010 | Feb, 2010 | Mar, 2010 | Apr, 2010 | May, 2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ■ Entertainment | $0.00 | $105.97 | $28.54 | $55.54 | $17.27 | $354.28 | $30.56 | $47.99 | $0.00 | $0.00 | $2.13 | $40.15 |
| ■ Casinos and Resorts | $0.00 | $0.00 | $0.00 | $0.00 | $936.23 | $1,077.22 | $1,031.95 | $3,210.00 | $0.00 | $2,037.23 | $478.00 | $0.00 |
| ■ Bijou Nail & Spa | $0.00 | $0.00 | $0.00 | $0.00 | $135.61 | $220.89 | $0.00 | $35.00 | $0.00 | $35.00 | $0.00 | $35.00 |
| ■ Pet Care | $0.00 | $0.00 | $248.00 | $60.00 | $158.85 | $90.00 | $0.00 | $0.00 | $75.00 | $95.00 | $90.00 | $124.23 |
| ■ Wine/Liquor | $0.00 | $488.07 | $189.75 | $29.32 | $0.00 | $0.00 | $74.51 | $318.49 | $53.26 | $177.02 | $55.07 | $98.95 |
| ■ Retail Purchases | $634.33 | $4,076.05 | $1,974.00 | $3,720.53 | $2,216.17 | $4,863.39 | $8,573.82 | $4,990.71 | $3,812.66 | $1,815.61 | $1,430.90 | $1,452.03 |
| ■ Starbucks/Coffee | $101.63 | $326.22 | $231.46 | $364.94 | $231.68 | $66.77 | $157.80 | $208.06 | $142.03 | $179.43 | $239.30 | $292.22 |
| ■ Restaurants/Bars | $212.48 | $584.02 | $1,231.33 | $1,120.96 | $1,652.07 | $288.23 | $655.78 | $2,809.03 | $1,480.20 | $1,150.18 | $756.03 | $293.88 |
| ■ Fast Food | $100.61 | $313.60 | $0.00 | $102.59 | $44.67 | $30.44 | $58.60 | $63.68 | $298.62 | $102.60 | $132.03 | $169.59 |
| ■ Gas/Mini-mart | $271.49 | $235.12 | $327.27 | $606.88 | $302.65 | $254.97 | $140.57 | $259.83 | $64.01 | $428.20 | $471.15 | $351.65 |
| ■ Grocery/Pharmacy | $623.66 | $1,258.08 | $1,524.19 | $1,450.08 | $834.58 | $818.78 | $866.52 | $398.17 | $350.03 | $777.41 | $1,000.88 | $1,011.01 |



Deposits Combined 2009-2010 (Hanover/Patriot/Rent/Cash)



Deposits Into Brett Immel Account 2009-2010 (Hanover/Patriot/Rent/Cash)



Deposits Into Fourteen Consulting Account 2009-2010 (Hanover/Patriot/Rent/Cash)